Battle,
 
 J.
 

 The principal defendant, Home, by receiving the claim of the relator, became by virtue of the Act of 1S18, (1 Rev. Stat., oh. 24, sec. 7,) bis collecting agent; and as such, bound to use that degree of vigilance, attention and care, in the endeavor to collect the debt, which a faithful and prudent person, conversant with business of that description, would ordinarily use.
 
 State
 
 v.
 
 Holcombe,
 
 2 Ire. Rep. 211.
 
 Governor
 
 v.
 
 Carraway,
 
 3 Dev. Rep. 436. Such is the extent of the obligation of “ diligently endeavoring to collect all claims put into his hands for collection,” imposed upon him by the Statute. When process is delivered to an officer, the rule of diligence is greater. He is bound to execute it with the ulmgst expedition, or as soon after it comes to his hands as the nature of the case will admit.
 
 Lindsay
 
 v.
 
 Armfield,
 
 3 Hawks Rep. 548, citing Bac. Abr. Sheriff N. Dalt. Sh. 109. In that case a delay by a Sheriff of twenty-three days to levy a writ of
 
 fi. fa.,
 
 unexplained, was held to be culpable neglect, for which he was responsible^ If, at the time when the process is put into the hands of the officer, he is told that the defendant is about to leave the county, and that he must execute it immediately, he may be compelled to pay the «damage caused by a single day’s delay.
 
 Sherrill
 
 v.
 
 Shuford,
 
 10 Ire. Rep. 200. A constable, acting as a mere collecting agent is not, as we have seen, held in ordinary cases to such strict accountability. No certain'time, within which he must proceed, has been, or perhaps can be laid down as applicable to all cases. A great variety of circumstances may require the rule to be varied, either extending or shortening the time within which he must act. Where the debtor is about to remove from the county, when he is in embarrassed circumstances, or when it is suspected that he is about to make an assignment of his property, in trust to pay other creditors,
 
 *27
 
 and these facts or any of them come to the knowledge of the officer, he ought to proceed forthwith to take the necessary steps to enforce the collection of the claim which he holds. If, on the contrary, the debtor have no intention to leave the country, if ho have apparently ample means to pay the debt, and there being no suspicion of hiá'bcing on the verge of insolvency, tire officer cannot reasonably be required, (unless particularly instructed to do so,) to adopt the most stringent measures which the law allows, to ensure the payment of the debt. Under the state of circumstances last supposed, no faithful and prudent person, conversant with business of that description, would
 
 ordinarily
 
 feel himself bound to do so. Let us see how the rule applies to this case. The claim was put into the hands of the officer the 1st day of December, 1850. If he had taken out a warrant the same day, it would have been returnable on or before thirty days thereafter, Sundays excepted; and as the debtor was out of the county at the time, and did not return until the 14th or 15th of the same month, the officer might well, upon serving the warrant, have fixed upon the latest return day as the day of trial. This would have been the 4th or 5th day of January, 1851, the time at which he did in fact obtain judgment. Suppose an execution had been taken out the same, day, it would have been returnable three months from its date. Ought he, under the circumstances stated in the case, to have levied upon the debtor’s property on or before the expiration of five days, at tire peril of having the debt to pay? To say that he ought, would bo holding him to a very strict accountability. But, in truth, no process of execution was taken out, and the rule of diligence, therefore, was not that of an officer with process, but of a mere collecting agent. Acting in the latter capacity, the rule applied to him in the Court below was more strict than the law permits. The judgment must therefore be set aside and a
 
 venire de ?iovo
 
 ordered.
 

 Per Curiam. Judgment reversed, and
 
 venire de novo.